United States District Court
Southern District of Texas
**ENTERED**
November 25, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CASE NO. 4:23-CR-165 |
| § | |
| DANIEL BYRD § | |

## PRELIMINARY ORDER OF FORFEITURE

On November 25, 2024, Daniel Byrd ("Defendant") pleaded guilty to Counts Two and Three of the Indictment. Count Two charges Defendant with **Receipt of Child Pornography**, in violation of Title 18, United States Code, §§ 2252A(a)(2)(B) and 2252A(b)(1). Count Three charges Defendant with **Possession of Child Pornography**, in violation of Title 18, United States Code, §§ 2252A(a)(5)(B) and 2252A(b)(2).

The Indictment provided the Defendant notice that, in the event of conviction, the United States would seek to forfeit, pursuant to Title 18, United States Code, § 2253(a)(2) and (a)(3), all property, real and personal, constituting or traceable to gross profits or other proceeds obtained from the offenses charged in Counts Two and Three; and all property, real and personal, used or intended to be used to commit or to promote the commission of the offenses charged in Counts Two and Three, or any property traceable to such property. Based on the record, the Court finds that the United States has established the requisite nexus between the property listed below and the offenses of conviction. Specifically, the Defendant used the Samsung

Galaxy S21 cell phone, IMEI: 353100240125341 to receive, possess and view multiple files depicting child pornography. These images of children engaged in sexually explicit conduct meet the federal statutory definition of child pornography as defined under federal law (18 U.S.C. 2256(2)(A)).

Accordingly, the Court ORDERS that:

(1) The Samsung Galaxy S21 cell phone, IMEI: 353100240125341 (the "electronic device") is forfeited to the United States of America;

(2) The United States of America shall publish notice of this forfeiture order and shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

(3) Any person, other than the defendant, asserting a legal interest in the electronic device may, within thirty (30) days of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing to adjudicate the validity of their alleged interest in the property. The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in that property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in that property, and any other facts which support the petitioner's claim and the relief sought. The petition shall be filed with the United States District Clerk, Southern District of Texas, Houston Division, United States Courthouse, 515 Rusk Avenue, Houston, Texas 77002. A copy of the petition

shall be sent to Tyler Foster, Assistant United States Attorney, 800 N. Shoreline Blvd., Suite 500, Corpus Christi, Texas, 78401.

(4) If no one has filed a petition asserting an interest in the electronic device, in accordance with 21 U.S.C. § 853(n) before the expiration of the period provided, any and all potential third-party petitioners will be held in default and this order will be final as to any and all third-party petitioners. See 21 U.S.C. § 853(n)(7).

(5) Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and Defendant's Plea Agreement, this order is final as to the Defendant, and shall be made part of the sentence and included in the judgment.

Signed at Houston, Texas, on November 25, 2024.

Kenneth M. Hoyt
United States District Judge