UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO: 4:23-CR-165 |
| | § | |
| DANIEL BYRD, | § | |
|     Defendant. | § | |

**UNITED STATES MOTION FOR FINAL ORDER OF FORFEITURE**

NOW COMES the United States of America, by and through the undersigned Assistant United States Attorney, and respectfully submits this Motion for Final Order of Forfeiture in the above-styled case. In support thereof, the United States sets forth the following:

On November 25, 2024, DANIEL BYRD (hereinafter "Defendant"), pled guilty to Receipt of Child Pornography and Possession of Child Pornography as charged in Counts Two and Three of the Indictment.

On the same day, the Court signed a Preliminary Order of Forfeiture (Doc. No. 35) forfeiting the following property to the United States of America:

    a) Samsung Galaxy S21 cell phone, IMEI: 353100240125341

(the "electronic device"). The order became final as to the Defendant at that time. (Doc. No. 35).

Notice of the forfeiture was posted on www.forfeiture.gov, an official government internet site, for at least 30 consecutive days beginning on December 4, 2024 and ending on January 2, 2025 (Doc. No. 57) as required by Rule 32.2(b)(6)(C) of the Federal Rules of Criminal Procedure and Supplemental Rule G(4)(a)(iii) and Supplemental Rule G(4)(a)(iv)(C) of the Federal Rules of Civil Procedure. More than 60 days have passed since the first day of publication and more than 30 days have passed since final publication, and, therefore, the time for filing petitions based upon

1

the publication notice has expired. (Doc. No. 57); *see* 21 U.S.C. § 853(n)(2); Supp. Rule G(5)(a)(ii)(B). No one has filed a petition asserting an interest in the electronic device, and the time to do so has expired. Therefore, any potential third-party petitioners should be held in default.

Defendant was sentenced on April 7, 2025. Rule 32.2(b)(4)(A) of the Federal Rules of Criminal Procedure provides "[a]t sentencing…the order of forfeiture becomes final as to the defendant." Rule 32(i)(4) further provides that a defendant must be provided the opportunity to allocute as to any matter in mitigation of his sentence, necessarily including forfeiture. The Defendant has had that opportunity. Accordingly, the United States requests that the Preliminary Order be made final as to the Defendant and the forfeiture made part of his sentence.

In accordance with Fed. R. Crim. P. 32.2(c)(2) and 21 U.S.C. § 853(n)(7), the United States moves for a Final Order of Forfeiture forfeiting all right, title, and interest in the electronic device to the United States.

                      Respectfully submitted,

                      NICHOLAS J. GANJEI
                      United States Attorney
                      Southern District of Texas

By:    s/ *Tyler Foster*
        TYLER FOSTER
        Assistant United States Attorney
        Southern District of Texas No: 3802443
        Oklahoma: 34839
        800 N. Shoreline Blvd., Suite 500
        Corpus Christi, Texas 78401
        Phone: 361/888-3111  Fax: 361/888-3200
        Email: tyler.foster2@udoj.gov

## CERTIFICATE OF NONCONFERENCE

Because the forfeiture has already become final as to Defendant, Daniel Byrd, he has no interest in the property and has not been contacted concerning his position as to this motion. No third parties have filed petitions asserting an interest in the property; therefore, there is no one with whom to confer.

By: s/ *Tyler Foster*
TYLER FOSTER
Assistant United States Attorney

## CERTIFICATE OF SERVICE

A true and correct copy of this pleading was served on counsel of record via electronic filing.

By: s/ *Tyler Foster*
TYLER FOSTER
Assistant United States Attorney